

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7038 FAX

+1 312 853 7050
BBRAUN@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

June 2, 2023

**VIA ECF**

The Honorable Eric R. Komitee
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Parot v. Clarivate Plc*, C.A. No. 1:22-cv-00394-EK-MMH (consolidated with C.A. Nos. 1:22-cv-01371-EK-MMH and 1:22-cv-01372-EK-MMH)

Dear Judge Komitee:

      PricewaterhouseCoopers LLP ("PwC") submits this letter pursuant to Your Honor's request for supplemental briefing on the issue of whether the Court should dismiss with prejudice Plaintiff's claims in the Consolidated Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"). *See* ECF No. 89; May 19 Hr'g Tr. 66:23–67:18. PwC respectfully submits that the Court should dismiss the Section 11 claim (Count III) against PwC with prejudice because any amendment as to PwC would be futile.

      Although leave to amend a complaint is ordinarily given "freely," district courts have discretion to deny a plaintiff leave to amend where doing so would be futile. Fed. R. Civ. P. 15(a)(2); *see Lopez v. Ctpartners Exec. Search Inc.*, 173 F. Supp. 3d 12, 42 (S.D.N.Y. 2016). Numerous courts in the Second Circuit and elsewhere have dismissed federal securities claims with prejudice on the first motion to dismiss where, as here, the amendment likewise "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)," *Zhong Zheng v. Pingtan Marine Enter. Ltd.*, 379 F. Supp. 3d 164, 182 (E.D.N.Y. 2019) (citation omitted), because (i) plaintiffs' claims failed as a matter of law or (ii) because they could allege no additional facts that would change the result. *See In re Arcimoto Inc. Sec. Litig.*, 2022 WL 17851834, at *8 (E.D.N.Y. Dec. 22, 2022); *Johnson v. CBD Energy Ltd.*, 2016 WL 3654657, at *12 (S.D. Tex. July 6, 2016). The Court should deny Plaintiff leave to amend as to PwC in this case for each of these two reasons.

      ***First***, Plaintiff's primary theory of liability against PwC is that audit opinions are "certifications" not subject to the Supreme Court's requirements for alleging opinion liability under *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pens. Fund*, 575 U.S. 175 (2015) — a theory courts have expressly and repeatedly rejected. Notably, counsel for Plaintiff has conceded that its position is directly at odds with the Second Circuit's decision in *Querub v. Moore Stephens Hong Kong*, 649 F. App'x 55 (2d Cir. 2016), and with the vast majority of courts nationwide. Stated simply, Plaintiff is asking the Court for leave to amend on the basis that each of those cases was "wrongly decided" and "ma[de] a mistake." May 19 Hr'g Tr. 97:8–17.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Plaintiff cannot successfully plead a Section 11 claim under this theory. It is well settled that "[a]ccountants are liable under Section 11 only for those matters which purport to have been prepared or certified by them." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 381 n.11 (1983); 15 U.S.C. § 77k(a)(4); *see also Deephaven Priv. Placement Trading, Ltd. v. Grant Thornton & Co.*, 454 F.3d 1168, 1174 (10th Cir. 2006) (auditors do not "somehow make, own or adopt the assertions" contained in a company's financial statements). To the extent Plaintiff's position is that financial statement auditors assume strict liability for the financial statements on which they opine, that is simply incorrect. The applicable regulations make clear that "certified" as to financial statements "means examined and reported upon ***with an opinion***." 17 C.F.R. § 210.1-02(f); 17 C.F.R. § 230.405 (emphasis added). Thus, the question of the circumstances under which an auditor certification is actionable under Section 11 turns on the Plaintiff's ability to satisfy the standard for alleging opinion liability.

*Omnicare* sets forth the framework for alleging opinion liability under the federal securities laws broadly. *See Omnicare*, 575 U.S. at 181 (characterizing the question presented as "how § 11 pertains to statements of opinion"). The fact that *Omnicare* itself did not involve an audit opinion is a distinction without a difference. *Omnicare*'s requirements apply to audit opinions because, as the Supreme Court explained, a "reasonable person understands, and takes into account, the difference . . . between a statement of fact and one of opinion," in any context, and is able to "grasp" that the words used in opinion statements "convey some lack of certainty as to the statement's content." *Omnicare*, 575 U.S. at 186–87. As one district court explained:

> The Court sees no meaningful distinction between the professional knowledge that a CEO has and the opinions he offers about a company's technology and the professional knowledge that an auditor has and the opinions it offers about a company's financial statements. The Supreme Court did not recognize any 'auditor' exception to its holding, and the Court finds no basis for creating such an exception.

*Bloom Energy Corp.*, 2021 WL 4461171, at *14.

That *Omnicare* applies to audit opinions—regardless of whether the applicable statute refers to them as "certifications"—is consistent with the unbroken line of Section 11 decisions finding that *management's* "certifications" under Section 302 of Sarbanes-Oxley are also opinion statements under *Omnicare. See Se. Penn. Transp. Auth v. Orrstown Fin. Servs., Inc.*, 2022 WL 3572474, at *49 (M.D. Pa. Aug. 18, 2022); *Lachman v. Revlon, Inc.*, 487 F. Supp. 3d 111, 123, 134 (E.D.N.Y. 2020) (Kovner, J.) (management's SOX certifications "attesting to the accuracy of [the] financial reporting" and internal controls were statements of opinion under *Omnicare* and not "false or misleading simply because a weakness in Revlon's ICFR was later discovered"). These decisions make clear that the analysis of whether a statement is an opinion subject to *Omnicare* does not change simply because the document in which the opinion is expressed is labeled a "certification." Indeed, it would be nonsensical to hold that management's certifications are opinions subject to *Omnicare* but that an auditor's are not.

# SIDLEY

Accordingly, the vast majority of courts nationwide presented with the question—and every court but one to have addressed the issue post-*Omnicare*—have applied *Omnicare* to audit opinions. This includes the Second Circuit. *See Querub*, 649 F. App'x at 58. Plaintiff attempts to minimize *Querub*, referring to it as a "one-sentence analysis" that "didn't even look at what the statute means." May 19 Hr'g Tr. 97:19–24. Plaintiff is wrong. The **very certification argument** Plaintiff raises here was squarely before the Second Circuit in *Querub*. *See* Querub's Opening Br. at 45–47, *Querub v. Moore Stephens Hong Kong*, No. 15-2100 (2d. Cir. Oct. 22, 2015), ECF No. 103; *see also id.* at 47–48 (presenting certification theory and citing *In re OSG Sec. Litig.*, 971 F. Supp. 2d 387 (S.D.N.Y. 2013)). The Second Circuit nevertheless held—unequivocally—that *Omnicare* governed the analysis of whether the auditor's opinion was false, and it disregarded the *OSG* decision Plaintiff relies on here.[1] Accordingly, allowing Plaintiff leave to amend would be futile because Plaintiff's complaint is based on a legal theory that is not viable.

***Second***, amendment would be futile because Plaintiff is unable to plead factual allegations to support a Section 11 claim against PwC under *Omnicare*. Plaintiff is represented by highly experienced counsel that has touted its "reputation for excellence" and has extensive experience in complex securities class actions, *see* ECF No. 17 at 8–10—including Section 11 litigation against auditors. *See In re Am. Realty Cap. Properties, Inc.*, No. 1:15-mc-00040-AKH (S.D.N.Y.). Counsel for Plaintiff conducted an extensive investigation in preparing Plaintiff's 417-paragraph, highly detailed Consolidated Complaint that cites to accounts by a half-dozen confidential witnesses. Yet, Plaintiff mentions PwC in only *four* formulaic paragraphs, *see* Compl. ¶¶ 44, 53, 349, 353, with **not a single allegation from a confidential witness about PwC's audit or inquiry**, *see id.* ¶¶ 55–160. When confronted in briefing with authority making clear that *Omnicare* applies, Plaintiff chose to not amend its pleading but instead doubled-down on its discredited certification theory. Nor did Plaintiff proffer at oral argument any additional facts or inquiries that would change the result as to PwC.

These circumstances warrant dismissal with prejudice. *See Johnson*, 2016 WL 3654657, at *12 (dismissing Section 11 claim against auditor with prejudice on first complaint after appointment of lead counsel, holding that amendment would be futile because "Plaintiffs do not allege that [auditor] did not subjectively believe any of the opinions it provided in its report, and [auditor's] opinions do not contain any embedded statements of fact that are untrue"); *see also Loreley Fin.(Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir 2015); *Lopez*, 173 F. Supp. 3d at 43–44 (plaintiff may not "receive, as a matter of course, repeated judicial decisions on the same motion"); *Hutson v. Notorious B.I.G., LLC*, 2015 WL 9450623, at *8 (S.D.N.Y. Dec. 22, 2015); *Arcimoto*, 2022 WL 17851834, at *8; *Zhong*, 379 F. Supp. 3d at 182.

For the foregoing reasons, as well as those set forth in PwC's Motion to Dismiss, Plaintiff's Section 11 claim against PwC should be dismissed in its entirety, with prejudice.

---

[1] Indeed, the Monday after the hearing before Your Honor, yet another court dismissed a nearly identical Section 11 claim against an auditor. *See* Order Granting Mots. to Dismiss at 15–18, *Mehedi v. View, Inc.*, No. 21-cv-06374-BLF (N.D. Cal. May 22, 2023), ECF No. 168 (citing *Bloom Energy Corp.*, 2021 WL 4461171 at *15, and *Johnson*, 2016 WL 3654657, at *12).

**SIDLEY**

Respectfully submitted,

Bruce R. Braun

cc: All counsel of record (via ECF)